**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISMAEL MAYSONET,<br><br>**Plaintiff,**<br><br>v.<br><br>WAL-MART STORES, INC., *et al.*,<br><br>**Defendants.** | Civil Action No. 17-2847 (ES) (JAD)<br><br>**OPINION & ORDER** |

**HAYDEN, DISTRICT JUDGE**

Before the Court is plaintiff Ismael Maysonet's ("Plaintiff") motion to reopen this case. (D.E. No. 46). For the following reasons, the Court finds a supplemental submission is necessary.

On April 30, 2020, the Court entered an Order of Dismissal pursuant to Local Rule 41.1(a) after Plaintiff failed to respond to a notice of call for dismissal. (D.E. Nos. 44 & 45). The notice of call for dismissal came after over four months of inactivity in this case. Specifically, on November 26, 2019, Judge Dickson granted the parties a three-week extension of time to file a joint status report and a proposed joint pre-trial order. (D.E. No. 43). The new deadline was December 17, 2019, but no submissions were ever filed. (*See id.*).[1]

Now, approximately nine months since the parties' last activity in this case, and nearly four months since the Court's Order of Dismissal, Plaintiff has filed a motion to reopen the case. (D.E. No. 46). Plaintiff cites no law in support of the motion, nor does Plaintiff provide any reason

---

[1] Defense counsel requested the extension to submit the status report and proposed pre-trial order due to a health emergency. (D.E. No. 42). Whether this health emergency had any continued impact on the parties' ability to litigate this case is not clear from Plaintiff's submission. Nor is it evident how defense counsel's health would have any impact on Plaintiff's ability to respond to the Court's notice of call for dismissal.

1

whatsoever for the nine months of inactivity in this case.  Instead, Plaintiff's attorney signed a certification claiming that "[t]his matter is not inactive, and is very much an active case whereby the litigants are awaiting a trial date . . .," and that "[n]one of the parties involved are delinquent in any discovery or submissions."  (D.E. No. 46 at 4–5 (ECF Pagination)).  However, the parties *are* delinquent in three submissions—namely, the joint status report and proposed pre-trial order which were due on December 17, 2019 (D.E. No. 43), and a response to the Court's notice of call for dismissal, which was due on April 29, 2020.  (D.E. No. 44).  In any event, Plaintiff provides no explanation for his failure to prosecute, and the motion gives the Court no reason to reopen this case.  *See Taylor v. New Jersey Lottery*, No. 05-5944, 2009 WL 1411492, at *3 (D.N.J. May 19, 2009) ("These arguments simply do not provide a basis to reopen the case because they do not set forth good cause for [plaintiff's] failure to prosecute the matter.").  And it is not the responsibility of this Court to "make the parties' arguments for them."  *See, Sang Geoul Lee v. Won Il Park*, 720 F. App'x 663, 666 (3d Cir. 2017).

However, insofar as Defendant has consented to reopening this case (*see* D.E. No. 46 at 5 (ECF Pagination)), the Court will give Plaintiff an opportunity to supplement the motion.  Plaintiff shall not file a new notice of motion, but instead shall submit a supplemental brief that provides the Court with factual and legal support for why the Court should relieve Plaintiff from the Court's Order of Dismissal pursuant to Federal Rule of Civil Procedure 60(b).  *See Atkinson v. Middlesex Cty.*, 610 F. App'x 109, 111 (3d Cir. 2015) ("After the statute of limitations has run, an unconditional dismissal without prejudice is considered final."); *Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC DNV Energy, LLC*, No. 15-50, 2017 WL 2985432, at *4 (W.D. Pa. July 13, 2017) (explaining that a dismissal without prejudice for failure to prosecute is final if the statute of limitations has expired).

Accordingly, IT IS on this 27th day of August 2020,

**ORDERED** that no later than August 11, 2020, Plaintiff shall supplement his motion to reopen as directed in this Opinion and Order.

/s/ *Katharine S. Hayden*_____
Katharine S. Hayden, U.S.D.J.